
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

JAN 14 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Houston Specialty Insurance Company

versus

Meadows West Condo Association, et al

Civil Action No. 13-02150

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment On Statutory Penalty Claim filed by plaintiff, Houston Specialty Insurance Company ("HSIC") [Rec. Doc. 39], Meadows West Condo Association and the Meadows Apartment Owners Association, Inc.'s ("Meadows West") Opposition [Rec. Doc. 44] and HSIC's Reply thereto [Rec. Doc. 45].

This insurance disputes arises from Meadows West's insurance claim for property damage at the Meadows West Condominiums in Lafayette, Louisiana (the "Property"), resulting from a fire on December 26, 2012. The Property consists of 124 condominium units situated in 18 buildings. The fire damaged two units located in one building. The remaining 17 buildings were undamaged. At the time of the fire the Property was insured by a policy issued by HSIC ("the Policy"). After an investigation by the Lafayette Fire Department revealed that the fire originated in the HVAC duct work, Meadows West was required to reconfigure the duct work in all of the units, including those in the buildings that were not damaged by the fire. Meadows made a claim under the Policy for the damaged units as well as the costs of replacing the existing HVAC duct work in the undamaged buildings. HSIC paid $48,876.80 in replacement cost to repair the damaged units but denied coverage under the Policy's Ordinance or Law provision

to reconfigure the duct work in the undamaged buildings.

HSIC filed this declaratory judgment action seeking a declaration that there is no coverage under the Policy's Ordinance or Law provision, or in the alternative that the Policy's Faulty, Inadequate or Defective Exclusion applies. The parties filed cross motions for summary judgment. On December 9, 2014, the Court granted Meadows West's motion and denied HSIC's motion, finding coverage under the Policy. Thereafter, HSIC filed the motion at bar asserting that Meadow West's counterclaim for bad faith penalties under La. Rev. Stat. 22:1892, *R. 11*, should be denied and dismissed with prejudice.

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citing Fed. R. Civ. Proc. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir.1992). Once the movant meets that burden, the non-moving party must produce evidence sufficient to establish that there is a genuine issue of material fact in dispute. Id. Accordingly, a factual controversy exists when both parties have submitted evidence of contradictory facts. *Little*, 37 F.3d at 1075. On summary judgment, factual controversies are resolved in favor of the non-moving party. *Id.*

Louisiana law authorizes penalties against an insurer that fails to pay claims within 30 days of a demand letter and written proof of loss, "when such failure is found to be arbitrary, capricious, or without probable cause...." *La.Rev.Stat. Ann. § 22:1892(B)(1)*

(2009). The penalty is "fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs." Before any penalties or fees can be imposed, the insured must prove that the insurer's failure to pay the claim was "arbitrary, capricious, or without probable cause." La. R.S. § 22:1892 is penal in nature and is to be strictly construed. *La. Bag Co. v. Audubon Indem. Co.*, 999 So.2d 1104, 1120 (La.2008). The penalty does not apply "when there is a reasonable and legitimate question as to the extent and causation of a claim...." *Id.* at 1114.

"In *Louisiana Bag*, the Louisiana Supreme Court assessed penalties against an insurer that refused to pay the uncontested portion of a claim and refused coverage for lost inventory. On both issues, the court held that no reasonable uncertainty existed as to the insurer's obligation to pay, making its refusal arbitrary and without probable cause. *Id.* at 1116." *Berk-Cohen Associates, L.L.C. v. Landmark American Ins. Co.*, 433 Fed.Appx. 268, 271 (5th Cir. 2011) (citing *French v. Allstate Indem. Co.*, 637 F.3d 571, 585 (5th Cir.2011) (interpreting *Louisiana Bag* as creating a rule in favor of penalties when an insurer fails to pay the undisputed amount due). Here, unlike *Louisiana Bag*, HSIC timely paid the undisputed amount of property damage and lost rents of Meadows West for the fire damaged property. The coverage issue involved HSIC's interpretation of the Policy's Ordinance or Law provision which provided coverage when enforcement of an ordinance or law required demolition or repair of undamaged property. Meadows West has provided no evidence that, under the facts surrounding the Lafayette Fire Department's investigation, HSIC's interpretation of the Policy provision was arbitrary or capricious such that bad faith penalties should be awarded. "The law does not automatically impose penalties simply because coverage is found. If that were the law, then there would be

no 'bad faith' or 'arbitrary and capricious' requirement to be met." *Premiere, Inc. v. Commercial Underwriters Ins. Co.*, 2004 WL 169813, 4 (E.D.La.,2004); *see also Morey v. W. Am. Specialized Transp. Servs.*, 968 F.2d 494, 499 (5th Cir.1992) (taking the position that "an unfavorable judgment does not automatically subject an insurer to penalties").

Accordingly,

**IT IS ORDERED** that Motion for Summary Judgment On Statutory Penalty Claim filed by plaintiff, Houston Specialty Insurance Company [Rec. Doc. 39] is GRANTED.

**THUS DONE AND SIGNED** this 13th day of January, 2015 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge